**Tagged Opinion**

ORDERED in the Southern District of Florida on May 20, 2009



John K. Olson, Judge
United States Bankruptcy Court

---

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION

In re:

**DANNA M. HAUSER** f/k/a
**DANNA M. JORGENSEN,**

Debtor.
_____/

Case No. 08-25838-BKC-JKO

Chapter 13

### ORDER ON DEBTOR'S MOTION TO VALUE COLLATERAL

**THIS MATTER** came before the Court for final evidentiary hearing on April 21, 2009, upon Danna M. Hauser's (the "Debtor") Amended Motion to Value Collateral (the "Motion") [DE 26]. On June 29, 2005, the Debtor entered into a retail purchase agreement for a 2005 Chrysler Touring (the "Vehicle"). Triad Financial Corporation (the "Creditor") was properly assigned the secured interest resulting from the Security Agreement. *See* Creditor's "Exhibit 3" admitted into evidence at the April 21st hearing; *see also*, Creditor's "Exhibit 4" admitted into evidence at the April 21st hearing. The Debtor filed her voluntary chapter 13 petition on October 23, 2008. *See* [DE 1]. The Debtor and the Creditor offered forth their respective experts, who each provided their opinion as

to the replacement value of the Vehicle. *See* Debtor's "Exhibit A" and "Exhibit B" admitted into evidence at the April 21st hearing; Creditor's "Exhibit 1" admitted into evidence at the April 21st hearing.

Section 1322 and 1325(a)(5) of the Bankruptcy Code deal with the treatment of secured debt in a chapter 13 plan of reorganization and the confirmation thereof. The value of a secured claim is governed by 11 U.S.C. § 506, which states in relevant part:

> If the debtor is an individual in a case under chapter 7 or 13, such value with respect to personal property securing an allowed claim shall be determined based on the replacement value of such property as of the date of the filing of the petition without deduction for costs of sale or marketing. With respect to property acquired for personal, family, or household purposes, replacement value shall mean the price a retail merchant would charge for property of that kind considering the age and condition of the property at the time value is determined.

11 U.S.C. § 506(a)(2) (2009). I will adopt Judge Raymond B. Ray's "retail standard" test for establishing the replacement value of the Vehicle. In *In re Ortiz*, Judge Ray held that the section 506(a)(2) "retail standard" test requires one to "take the retail value of an identical make and model car [and] then deduct from it the retail value of repairs [necessary] to bring the car up to [a] retail standard," resulting in the replacement value. 06-16243-BKC-RBR, 2007 Bankr. Lexis 1286, 2007 WL 1176019 (Bankr. S.D. Fla. February 27, 2007). The calculation is based on the retail value for repairs the general public would have to pay to bring the car up to retail standards, and not the discounted repair price to which creditors have access. *Id.* As Judge Ray notes, we are confronted with valuations that occur well past the date of filing and tend not to give an accurate appraisal as of the date of filing; thus, I will use the "replacement value" "at the time value is determined." *Id.*

I am confronted with two evaluations from the Debtor's expert, however, I will only accept for valuation the second appraisal, generated on February 8, 2009. In that report, the Debtor's expert uses a base value of $13,600 with mileage deductions of $1,975, resulting in a retail value of $11,625. The Creditor's expert determined retail value by taking the NADA value from November 4, 2008, and then subtracting mileage deductions, adding that value to two dealer quotes and then dividing by three. This resulted in a retail value of $12,150. Following Judge Ray's method in *Ortiz*, I will average the Debtor's reasonable retail value ($11,625) with the Creditor's reasonable retail value ($12,150) to establish the retail value ($11,887.50) for this analysis. Finally, costs of repairs will be deducted from the retail value to establish the replacement value of the Vehicle. As I state above, repair costs are based on a retail matrix (not a wholesale industry cost) and since I was only provided with retail repair estimates by the Debtor's expert, I must accept that $7,367.05 is an accurate calculation of the retail repairs necessary to bring the Vehicle up to retail standards. Accordingly, the replacement value of the car is $4520.45.[1]

For the reasons stated above, it is **ORDERED** that the Debtor's Motion [DE 26] is **GRANTED** to the extent that the replacement value of the Vehicle is $4520.45.

###

Copies to:

Jeffrey H. Tromberg, Esq.
3230 W Commercial Blvd Suite 290
Fort Lauderdale, FL 33309

Attorney Tromberg is directed to serve a conformed copy of this Order on all parties in interest.

---

[1] Mathematically speaking, this can be reduced to the following equation: (retail value) - (retail repairs) = (replacement value) or $11,887.50 - $7,367.05 = $4520.45.